IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID R. RAWLS | ) | CASE NO. 1:10CV0213 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| CITY OF EUCLID, *et al.* | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* David R. Rawls brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against defendants Cities of Euclid and Cleveland, Ohio, their Police Departments, Bill Cervenik, Mayor of the City of Euclid, Christopher Frey, Director of Law for the City of Euclid, Euclid Police Sergeant Robert Pestak, Euclid Detectives Joseph Bensi and J. Rodriguez, Euclid Police Captain P. Newkirk, Assistant Cuyahoga County, Ohio Prosecutors Robert Dubyak and Mark Kajer, Trial Attorney Michael Belcher, Cuyahoga County Common Pleas Judge Pat Kelley, Ohio Eighth Appellate District Judge Diane Karpinski, Cuyahoga County Prosecutor William Mason and Stephanie Tubbs Jones sued in her capacity as "Chief of Cuyahoga County Prosecutors." Along with the § 1983 claims, plaintiff has included state law claims for malicious prosecution, abuse of process, negligent infliction of emotional distress, intentional infliction of emotional distress, false imprisonment, and negligent training and supervision.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

The following facts were taken from plaintiff's complaint. On June 16, 1996, based on DNA and fingerprint evidence collected, analyzed and offered into evidence at trial by members of the Euclid Police Department, plaintiff was convicted of aggravated robbery and kidnaping with a gun specification and sentenced to imprisonment of 15 to 25 years and 10 to 25 years to run consecutively. He asserts that for the past 13 years he has sought to prove that he was wrongfully convicted and have "his case exonerated by vacating his indictment and dismissing it on the grounds of his actual innocence based on both scientific DNA and Fingerprint Evidence, whatsmore, this will conclusively prove that Mr. Rawls had not committed any crimes of which he had been alleged, indicted and later convicted of." In the remainder of the complaint, plaintiff presents the evidence adduced at his trial and argues why he should not have been convicted. Although he has not requested vacation of his conviction, he wants compensatory and punitive damages.

The allegations set forth in the complaint clearly challenge the validity of plaintiff's conviction and resulting confinement in an Ohio penal institution. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his

confinement. *Id*.

The present case is clearly an instance where a court decision would express an opinion as to the validity of plaintiff's conviction, as any opinion by this court on the issues he seeks to raise would necessarily implicate the validity of that conviction. Thus, absent an allegation that plaintiff's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, plaintiff may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009).

Accordingly, for the reasons set forth above, this action is dismissed pursuant to 28 U.S.C. § 1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. When a federal claim against the defendants is dismissed, the pendent state claims should be dismissed as well. *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966). Since the Court has granted judgment on the federal claim, the state pendent claims are hereby dismissed pursuant to 28 U.S.C. § 1367(c)(3). *Id*.

IT IS SO ORDERED.

                                                **/s/*SOLOMON OLIVER, JR.*** 
                                                UNITED STATES DISTRICT JUDGE

March 29, 2010