IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID R. RAWLS | ) | CASE NO. 1:10CV0213 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| CITY OF EUCLID. et al. | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendants. | ) | |

On March 29, 2010, the court dismissed pro se Plaintiff David. R. Rawls' Complaint filed under the Civil Rights Act of 1871, 42 U.S.C. § 1983. The defendants included Cities of Euclid and Cleveland, Ohio, their Police Departments, Bill Cervenik, Mayor of the City of Euclid, Christopher Frey, Director of Law for the City of Euclid, Euclid Police Sergeant Robert Pestak, Euclid Detectives Joseph Bensi and J. Rodriguez, Euclid Police Captain P. Newkirk, Assistant Cuyahoga County, Ohio Prosecutors Robert Dubyak and Mark Kajer, Trial Attorney Michael Belcher, Cuyahoga County Common Pleas Judge Pat Kelley, Ohio Eighth Appellate District Judge Diane Karpinski, Cuyahoga County Prosecutor William Mason and Stephanie Tubbs Jones sued in her capacity as "Chief of Cuyahoga County Prosecutors." This matter is now before the court upon the Plaintiff's Motions for Leave to Amend the Complaint. (ECF 27, 28).

The following facts were taken from Plaintiff's original Complaint. On June 16, 1996, based on DNA and fingerprint evidence collected, analyzed and offered into evidence at trial by members of the Euclid Police Department, plaintiff was convicted of aggravated robbery and kidnaping with a gun specification and sentenced to imprisonment of 15 to 25 years and 10 to 25 years to run consecutively. He asserts that for the past 13 years he has sought to prove that he was wrongfully

convicted and have "his case exonerated by vacating his indictment and dismissing it on the grounds of his actual innocence based on both scientific DNA and Fingerprint Evidence, whatsmore, this will conclusively prove that Mr. Rawls had not committed any crimes of which he had been alleged, indicted and later convicted of." In the remainder of the original Complaint, Plaintiff presented the evidence adduced at his trial and argued why he should not have been convicted. Although he had not requested vacation of his conviction, he wanted compensatory and punitive damages.

The original Complaint was dismissed pursuant to *Preiser v. Rodriguez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994), because he was challenging the very fact or duration of his physical imprisonment for which the sole federal remedy is a writ of habeas corpus, and because the present case was clearly an instance where a court decision would express an opinion as to the validity of his conviction, as any opinion by this court on the issues he sought to raise would necessarily have implicated the validity of that conviction. Thus, absent an allegation that his conviction had been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he could not recover damages for his claim.

Plaintiff seeks to amend the Complaint by allegedly deleting a request for damages and to proceed on obtaining an injunction. He is still asserting innocence, but has added claims under *Brady v. Maryland*, 373 U.S. 83 (1963), Failure to Investigate, Fabricating False Inculpatory Evidence, Malicious Prosecution and state tort claims. Review of the proposed Amended Complaint shows that *Preiser* and *Heck* still apply. A court decision would express an opinion as to the validity of Plaintiff's conviction, as any opinion by this court on the issues he seeks to raise would necessarily have implicated the validity of that conviction. As stated in the court's dismissal of the

2

original Complaint, his sole federal remedy is habeas corpus.

Accordingly, the Motions for Leave to Amend the Complaint are denied.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

August 19, 2010